## Commonwealth v. Leskowsky

*James F. Marsh, District Attorney,* for Commonwealth.

*Thomas Natishyn,* for defendant.

WILLIAMS, *S.J.,* June 5, 1981—Defendant was convicted, after jury trial, of the crime of incest and corrupting a minor. He was charged with engaging in sexual relations with his 16 year old daughter. When the daughter dicovered that she was pregnant, she and her mother complained to the Children's Bureau of Monroe County that she had been subjected to child abuse, in that her pregnancy was induced by sexual relations with her father. The mother also complained to the police. Mrs. Aurilla Gibbs, in accordance with the Child Abuse Statute, instigated an investigation. She requested the defendant to come to her office for an interview, advising him of its purpose. Defendant responded. In the course of the interview defendant denied paternity of the child, but admitted having sexual relations with his daughter, saying he had taken the precaution of withdrawal. No Miranda warnings were given to him prior to the admission. Later, he was given the Miranda warnings by Officer Allen Pride of the East Stroudsburg Police Department. He told Officer Pride that he understood the warnings and would answer questions and did not want counsel. He was asked if he had had sexual relations with his daughter. He replied that he had, but was not the

father of the child because he had taken the precaution of withdrawal.

Defendant asserts that his statements to Mrs. Gibbs were illegally obtained because he was not first given the Miranda warnings. He does not assert that his admission to Officer Pride was made without the administration of the Miranda rights, but that under the poisionous tree doctrine, they were illegally obtained as a result of his admissions to Mrs. Gibbs, which he asserts were illegally obtained.

The crucial issue is whether defendant was entitled to be given the Miranda rights by Mrs. Gibbs, a Supervisor in the Children's Bureau, prior to her questioning him.

The Miranda warnings are only required when a suspect is physically deprived of his freedom of action in any significant way or is placed in a situation where he reasonably believes that his freedom of action or movement is restricted by such interrogation: Com. v. Fisher, 466 Pa. 216, 352 A. 2d 26 (1976).

Here, defendant was under no physical restraint. He was not involved in a criminal investigation, but as Mrs. Gibbs testified at the suppression hearing, he was engaged in a social investigation. He knew she had no police powers. She had no liaison with the police and made no recommendation that criminal prosecution be instituted. We, therefore, find that no Miranda warnings were required under Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed. 2d 694 (1966).

Moreover, our State Supreme Court has ruled that Miranda warnings are not required in non-criminal investigations. The fact that the information obtained during the non-criminal investiga-

tion led to a prosecution and conviction does not change the character of the investigation. In Com. v. McLaughlin, 475 Pa. 97, 379 A. 2d 1056 (1977), the court dealt with this issue. McLaughlin was an employe of the City of Philadelphia as a Federal Coordinator. He received a subpoena from the Controller requesting an alleged falsified expense account. He appeared and gave a recorded statement. The lower court suppressed the statement. The Supreme Court reversed, holding that there are no cases in this jurisdiction which require the Miranda warnings to be given in a non-criminal investigation.

In Com. v. Columbia Investment Corp., 457 Pa. 353, 325 A. 2d 289 (1974), where it was held that a witness before an investigating grand jury, Miranda warnings are not constitutionally required. The court said, at p. 356: "The warning requirement . . . would be an unprecedented and illogical procedural burden to impose upon an investigating grand jury." The court concluded that even though the functions of an investigating grand jury includes the uncovering of criminal activity and recommending criminal indictments in accordance with the evidence, witnesses before such a grand jury are not in the status of an accused person and are not entitled to Miranda warnings.

We refuse to extend the constituional Miranda requirements in this case as an unprecedented and unreasonable procedural burden to place upon the Supervisor of Children's Bureau.

## ORDER

And now, June 5, 1981, post-trial motions are denied and defendant is required to appear before this court for sentence when so instructed.